IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CORTEMANCHE,

    Petitioner,                  No. 2:cv-09-3577-JFM (HC)

  vs.

MICHAEL MARTEL,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2004 conviction on charges of home invasion robbery and sentence of fourteen years and eight months in prison imposed thereon. This matter is before the court on respondent's March 1, 2010 motion to dismiss this action as barred by the statute of limitations.

PROCEDURAL BACKGROUND

        On March 25, 2002, petitioner pled no contest to second degree burglary of a vehicle (Cal. Pen. Code § 459) in Solano County. (Resp't's Mot. to Dismiss (MTD), Ex. 1.) The court granted three years probation on April 23, 2002. (Id., Ex. 2.) On October 14, 2004, petitioner was found guilty of four first degree robbery counts (Cal. Pen. Code § 211), four false imprisonment counts (Cal. Pen. Code § 236) and one degree burglary county (Cal. Pen. Code

§ 459) in Solano County. (Id., Ex. 3.) Petitioner was sentenced to fourteen years and eight months in both cases. (Id., Ex. 4.) The California Court of Appeal affirmed the judgment on June 21, 2005. (Id., Ex. 5.) Petitioner did not seek review in the California Supreme Court. (Id., Ex. 6.)

On November 26, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, First Appellate District. (MTD, Ex. 7.) On December 4, 2007, the petition was denied. (Id., Ex. 8.) On July 22, 2008, petitioner filed another petition for writ of habeas corpus in the Solano County Superior Court. (Id., Ex. 9.) On September 23, 2008, the petition was denied as having been tardily filed. (Id.) On January 15, 2009, petitioner filed a petition in the California Court of Appeal, which was denied on January 26, 2009. (Id., Exs. 10 and 11.) On February 23, 2009, petitioner filed a petition in the California Supreme Court, which was denied on July 15, 2009. (Id., Exs. 12 and 13.)

On December 28, 2009, petitioner filed the instant petition. On March 1, 2010, respondent filed a motion to dismiss. Petitioner did not file an opposition.

DISCUSSION

Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

/////

1  28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly
2  filed application for State post-conviction or other collateral review with respect to the pertinent
3  judgment or claim is pending shall not be counted toward any period of limitation under this
4  subsection."  28 U.S.C. § 2244(d)(2).
5             The one-year period runs from "the date on which the judgment became final by
6  the conclusion of direct review or the expiration of the time for seeking such review."  Id.
7  § 2244(d)(1)(A).  Here, petitioner did not seek direct review of his conviction before the
8  California Supreme Court.  Under California law, then, petitioner's conviction became final forty
9  days after the filing of the California Court of Appeal's opinion.  (See Cal. Rules of Ct. 8.500(e),
10 8.264(b)(1).)  Since the appellate court's opinion was filed on June 21, 2005, petitioner's
11 conviction became final on July 31, 2005 and AEDPA's one-year period began to run.  See
12 Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  It expired one year later, on July 31,
13 2006.  Petitioner did not seek collateral review in the state courts for over fifteen months after
14 the limitation period expired.  This action is therefore time-barred.  See Jiminez v. Rice, 276
15 F.3d 478, 482 (9th Cir. 2001) (state habeas petitions filed after expiration of federal limitations
16 period do not toll or revive expired federal limitations period).
17            In accordance with the above, IT IS HEREBY RECOMMENDED that:
18            1.  Respondent's March 1, 2010 motion to dismiss be granted; and
19            2.  This action be dismissed as barred by the statute of limitations.
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
6  that failure to file objections within the specified time may waive the right to appeal the District
7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  DATED: May 11, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;cort3577.mtd